CENTRAL PURCHASING ACT — BIDDING — STATE DRUG PURCHASE All state agencies except institutions of higher learning and any constitutionally exempt agencies which purchase prescription drugs must proceed under the Oklahoma Central Purchasing Act through the State Board of Public Affairs and are required to take competitive bids for such purchases. The State Board of Public Affairs is authorized to use brand names in taking competitive bids. However, the State Board of Public Affairs has determined that this method is the least desirable and should be avoided when any other method is available. In any event, the State Board of Public Affairs when advertising by brand name must also advertise for "the acceptable equal" or the same basic chemical entity. The Attorney General has considered your opinion request wherein you Ask, in effect, the following questions: 1. Do the competitive bidding requirements of the Central Purchasing Act apply to state purchases of prescription drugs ? 2. If it does apply, would it be improper for the bid specifications to indicate a particular brand of drug or would the specifications need to refer to the basic chemical entity so that all manufacturers of that type of drug may compete? With reference to your first question, 74 O.S. 85.7 [74-85.7] (1971), which directs itself to competitive bids under the Oklahoma Central Purchasing Act, states: "No acquisition or contract shall be made in excess of Two Hundred Dollars ($200.00) without the submission of competitive bids by the State Purchasing Director, and such acquisition or contract shall be awarded to the lowest and best bidder therefor at a specified time and place, which shall be open to the public, with such preference between bidders offering substantially the same products or services at substantially the same prices, as may be set under the authority of Section 5 (7) . The competitive bid requirement of this Section shall apply to acquisitions and contracts made directly by state agencies under a grant of authority therefor from the State Purchasing Director." Title 74 O.S. 85.2 [74-85.2] (1971) provides: "The terms 'state agency' and 'agency' shall include any office, officer, bureau, board, counsel, court, commission, institution, unit, division, body or house of the executive or judicial branches of the state government, whether elected or appointed, excluding only municipalities, counties and other governmental subdivisions of the state." Opinion of the Attorney General No. 74-186 considered the question of what state agencies and acquisitions are exempt from the Oklahoma Central Purchasing Act. After recognizing that certain constitutional agencies may be exempt from the Act under the authority of Trapp v. Cook Construction Co.,105 P. 667 (1909), the opinion concluded as follows: "Subject to applicable constitutional limitations, the state agencies and acquisitions exempt from the mandatory provisions of the Oklahoma Central Purchasing Act include those specified in 74 O.S. 85.12 [74-85.12] (1974) and institutions of higher learning as provided in 74 O.S. 85.3 [74-85.3] (1971). . . ." The exemptions of Section 74 O.S. 85.12 [74-85.12] include such acquisitions as food, printing, and utility services and do not include an exemption for purchases of prescription drugs. Therefore, the only state agencies exempt from the competitive bidding requirements of the Central Purchasing Act in making purchases of prescription drugs are institutions of higher learning and any constitutional agencies exempt under authority of Trapp, supra. Concerning the second question, 74 O.S. 85.5 [74-85.5] (1971) provides the State Purchasing Director powers which include: ". . . Sole and exclusive authority and responsibility for the acquisition of all materials, supplies, equipment and services acquired, used or consumed by agencies of the State Government . . . authority to determine the particular brand, model and/or other specific classification of each item or group of materials, supplies, equipment or services to be acquired for such use or consumption, and to draft specifications establishing the requirements for all such purchases under the restrictions hereinafter provided. The State Board of Public Affairs shall have authority and responsibility to promulgate rules and regulations governing, providing for and prescribing . . ." Thus, it is at the discretion of the State Purchasing Director to determine the necessary bidding procedures and further to draft and establish specifications for that bidding. Title 74 O.S. 85.4 [74-85.4] (1971) provides: ". . . That every state agency shall have the authority to determine its own quantitative needs for services, supplies, equipment and materials . . ." Upon receiving notice of the needs of a particular department, the procedure followed by the State Board of Affairs is outlined in The State Board of Public Affairs Purchasing Manual, Guide for Buyers and Sellers, Section 3, page 2, which provides: "11. Preparation of Bid . . . "a. Description. Care should be exercised in preparing the Invitation to Bid so as to advise all potential bidders as to exactly the item the State wishes to buy, and the basis bidders may use in figuring their prices and what kind of items to offer. There are three general methods of accomplishing this: i. Reference to a detailed specification or standards. ii. Use of a purchase description. iii. Reference to brand or trade name or catalog reference. "b. Standard Specifications. The use of specifications of standards is the most satisfactory method of establishing the quality level desired. These may consist of existing specifications of other agencies, those promulgated by the Division's specifications section, U.S. Commercial Standards, or those developed by the various industry and trade organizations. In each case, those adopted for State use will be integrated into the Division numbering system with proper identification. The Specification Section is responsible for all numbered specifications as well as approved lists of brand names. "c. Statement of Use. The next most satisfactory method is to describe in detail the article wanted. The description is similar to a specification but less detailed. The description should be adequate enough to leave no doubt as to quality, size, color, performance or other factors concerning the article wanted. At the same time, care should be exercised to exclude unnecessary or irrelevant information. Whenever possible, the intended use of the article should be included. This can assist the bidder in his selection of the proper size, model, etc. The buyer is responsible for an adequate and proper description of items not covered by numbered specifications, standards or approved lists, but he may request the assistance of the technical section. "d. Brand Names. The least desirable method, and one to be avoided whenever possible is the use of a brand or a trade name. When brand names are used, they should be followed by the words 'or acceptable equal.' The determination of equality should be made by comparing essential performance characteristics and other significant properties. It is the ability to perform the work required rather than comparison of unessential features that should determine the award." Therefore, the answer to your second question is as follows: The State Board of Public Affairs is authorized to use brand names in taking competitive bids. However, the State Board of Public Affairs has determined that this method is the least desirable and should be avoided when any other method is available. In any event, the State Board of Public Affairs when advertising by brand name must also advertise for "the acceptable equal" or the same basic chemical entity. It is, therefore, the opinion of the Attorney General that all state agencies except institutions of higher learning and any constitutionally exempt agencies which purchase prescription drugs must proceed under the Oklahoma Central Purchasing Act through the State Board of Public Affairs and are required to take competitive bids for such purchases. It is further the opinion of the Attorney General that the State Board of Public Affairs is authorized to use brand names in taking competitive bids. However, the State Board of Public Affairs has determined that this method is the least desirable and should be avoided when any other method is available. In any event, the State Board of Public Affairs when advertising by brand name must also advertise for "the acceptable equal" or the same basic chemical entity. (Paul C. Duncan) ** SEE: OPINION NO. 78-247 (1978) ** ** SEE: OPINION NO. 80-094 (1980) **Disposition: ** SEE: OPINION NO. 96-071 (1997) **